UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      CASE NO. 22-20041
                                          HON. DENISE PAGE HOOD

v.

DAIJON LEWIS CLARK,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR RELEASE PENDING SENTENCE PURSUANT TO
18 USC § 3143(a)(1) WITH REQUEST FOR A HEARING [#30]**

## I.    Introduction

Defendant Daijon Lewis Clark ("Defendant") is charged with being a felon in possession of ammunition on November 14, 2021, in violation of 18 U.S.C. § 922(g)(1). Defendant pleaded guilty to that charge on May 12, 2022, and sentencing is set for September 8, 2022. Defendant has now filed a "Motion for Release Pending Sentence Pursuant to 18 USC § 3143(a)(1) with Request for a Hearing." ECF No. 30. The Government has filed a response, to which Defendant replied. A hearing was held on July 27, 2022. The Court denies the Motion.

## II.  Background

On March 16, 2022, the Court entered an order denying Defendant's request to set aside the order of detention entered by Magistrate Judge Elizabeth Stafford. ECF No. 26.  The Court found: (a) "by a preponderance of the evidence that Defendant's history reflects that he is a risk of nonappearance if released on bond under any condition(s)," *id*. at PageID.98; and (b) "by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." *Id*. at PageID.100.  The Court incorporates by reference the entirety of the March 16, 2022 Order, including the Background section, and the Court relies on the same for purposes of this Order.

In summary, the felon in possession of ammunition charge against Defendant stems from a shooting outside of a nightclub.  The Government represents that surveillance video shows Defendant twice, within a very short period of time, firing a weapon in the general direction of other persons, ultimately discharging a total of six shots.  Defendant contends that he only fired shots in the air.  No one was injured, and police found ammunition near the location where Defendant allegedly fired the weapon.

Since the Court entered the March 16, 2022 Order, Defendant has pleaded guilty to the felon in possession of ammunition charge against him.  Defendant states that, since March 2022, his mother, who lived in Detroit and was a proposed third-

party custodian for purposes of his initial motion for release from detention, has suffered from rapidly deteriorating health and no longer could serve as a third-party custodian. Defendant proposes that his wife will act as the third-party custodian in Atlanta, Georgia, and that his mother would live with them there. Defendant represents that their youngest child has endured behavioral challenges and declining grades in school since his incarceration, to the extent that he has been recommended to attend a partial hospitalization program and switched schools. Defendant also claims that a gunshot wound he suffered several years ago has caused him extreme pain while incarcerated and needs surgery to remove the bullet.[1]

### III.  Applicable Law

Because Defendant has tendered a plea in this case, his request for review and revocation of the detention order is now controlled by 18 U.S.C. § 3143(a)(1), which provides (emphasis added):

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, **unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released** under section 3142(b) or (c). If the judicial officer makes such

---

[1] Defendant has not submitted to the Court any medical records regarding the gunshot wound or the need to remove the bullet. Defendant also has not explained – or offered a BOP determination – that any necessary treatment associated with the gunshot wound cannot be addressed while in the custody of the BOP. The Court therefore does not further consider this issue at this time.

a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

This provision "creates a presumption against release which the defendant must overcome." *United States v. Bowman*, 98 F.3d 1343 (6th Cir. 1996) (citing *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988)). Defendant therefore has the burden of establishing by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released.[2]

### IV. Analysis

#### A. Changed Circumstances

Defendant argues that there is clear and convincing evidence that he is not a threat to anyone and has no intention of fleeing the jurisdiction, and he asserts that there are changed circumstances. He claims that he has taken responsibility for his actions by pleading guilty, would live in Atlanta, Georgia with his wife, their four children, and his mother. He cites the need to get his personal and family affairs in order, namely to address the declining health of his mother and the challenges being faced by his youngest child as reasons to be released pending sentencing. Defendant claims that he will be working and maintaining his personal, business, and family

---

[2] The Government notes that the Court may release Defendant pending sentencing if it is clearly shown that there are exceptional reasons why his detention would not be appropriate. See 18 U.S.C. § 3145(c). Defendant does not, however, argue that there are exceptional reasons why his detention would not be appropriate. See ECF No. 31, PageID.154; ECF No. 33, PageID.162-63.

4

affairs, which will occupy Defendant's time daily. He states that he is deterred from fleeing, committing a crime, or violating an order of the Court now because his penalty would be harsher if he did so.

Defendant states that he would be willing to be subject to any conditions, including GPS tether, home confinement, testing, and reporting, so that he could help his wife run their consulting business and prepare his family for his period of incarceration. Defendant's wife, with whom he would live and work every day, has agreed to act as a third-party custodian for him.

### B. Continued Risk of Flight and Danger to the Community

Although Defendant has set forth some changed circumstances, the Court concludes that Defendant should not be granted pretrial release: (a) for the reasons stated in the March 16, 2022 Order, and (b) because he has not established by clear and convincing evidence that he is not a risk of flight or a danger to the community.[3]

### 1. *Flight Risk*

Very little has changed with respect to the reasons the Court's determined that Defendant is a flight risk. In his favor, Defendant has offered more information regarding the consulting business he and his wife own than he did in his first request

---

[3] Pretrial Services continues to recommend detention of Defendant.

for release. He also has clarified that he is proposing home confinement and GPS tether, with his wife as his third-party custodian.[4]

The following circumstances continue to disfavor Defendant's release because of the risk of flight: (1) Defendant has used multiple aliases; (2) his bond was revoked for violation of his tether after not appearing for a preliminary examination in August 2020, though he was able to get his bond reinstated and did not have any violations thereafter; (3) he has a history of substance abuse; (4) he has a 2021 conviction for fleeing law enforcement; and (5) the instant offense occurred while he was on probation for the fleeing law enforcement conviction. The Court also has grave concerns that Defendant's responses to the Kentucky and Michigan Pretrial Services departments contain some significant discrepancies, for which Defendant offered no explanation in his briefs but did indicate at oral argument that he told Kentucky Pretrial Services that his mother was ill with Covid-19 and near death (as opposed to Kentucky Pretrial Services' report that his mother was dead). For that reason, the Court does not find that it can accept Defendant's representations

---

[4] Defendant contends that he needs to take care of his family, especially his mother and his youngest child, and ready them for his incarceration after he is sentenced. In many cases, however, and quite unfortunately, a detained defendant's family members suffer from myriad mental, physical, and financial limitations and challenges. Some of these difficult circumstances are the result of the defendant's conduct and impending sentence – and some of which are simply a part of life. The Court notes that, although sad and unfortunate and challenging for family members, such circumstances often are foreseeable consequences of a defendant being arrested for engaging in criminal activity, not exceptional circumstances that warrant releasing a defendant pending the defendant's sentencing.

at face value. Finally, Defendant is asking to be released to a third-party custodian in Atlanta, Georgia, more than 600 miles and several states removed from this Court's jurisdiction.

For the reasons stated above, the Court finds that Defendant has not established by clear and convincing evidence that he is not a flight risk.

### 2.  *Danger to the Community*

There has been no change in the circumstances that led the Court to conclude that there was clear and convincing evidence that Defendant is a danger to the community, even with the imposition of any number of conditions of release. The instant offense involved two separate discharges of a firearm, albeit the discharges were very close in time. Some of his past criminal conduct, including convictions for robbing others at gunpoint and fleeing police, reflect the use of violence and danger to society. The fact that the underlying conduct in this case was committed while he was on probation for fleeing police indicates a lack of compliance with -- and a lack of respect for -- the law.

Even if the Court accepted as true Defendant's version of the events on November 14, 2021, Defendant acknowledged that he pulled out and discharged a firearm in an area where others were assembled. There is no dispute that Defendant discharged the firearm into the air once (2 shots), then got in a vehicle, and then got back out of the vehicle and again discharged the firearm into the air (as many as 4

shots). None of Defendant's other criminal conduct or activities have changed, either.

For these reasons, the Court concludes that Defendant has not established, by clear and convincing evidence, that any conditions of bond would reasonably assure the safety of the community.

## IV. Conclusion

For the reasons stated above,

IT IS ORDERED that Defendant's Motion for Release Pending Sentence Pursuant to 18 USC § 3143(a)(1) with Request for a Hearing [ECF No. 30] is DENIED.

IT IS FURTHER ORDERED that Defendant's detention pending trial is continued.

Date: July 27, 2022

s/Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE